1  Robert M. Tzall, Esq.
   Nevada State Bar No. 13412
2  Contemporary Legal Solutions
   2551 North Green Valley Parkway
3  Building C, Suite 303
   Henderson, NV 89014
4  (702) 666-0233
5  office@contemporarylegalsolutions.com

6                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
7

8  Justice Akins,

9                   Plaintiff,                          Case No.:

10       -against-

11                                              **COMPLAINT AND**
   Equifax Information Services, LLC and
12 Merrick Bank Corp.;                          **DEMAND FOR JURY TRIAL**

13                  Defendant(s).

14
        Plaintiff Justice Akins, by and through counsel, and as for this Complaint against
15
   Defendants Equifax Information Services, LLC ("Equifax" or "Bureau"); and Merrick Bank Corp.
16
   ("Merrick" or "Furnisher"); respectfully sets forth, complains, and alleges, upon information and
17
   belief, the following:
18
        1.      Plaintiff brings this action for damages arising from the Defendants' violations of
19
20 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA").

21                       **JURISDICTION AND VENUE**

22      2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well
23
   as 15 U.S.C. § 1681p *et seq*.
24
        3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a
25
26 substantial part of the events or omissions giving rise to the claim occurred here and the

27 Defendants transact business here.

28

**PARTIES**

4.      Plaintiff is a resident of the State of Nevada, County of Clark.

5.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.      Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.      Equifax is a Georgia corporation registered to do business in this State.

8.      Equifax may be served with process c/o Corporation Service Company, 112 NORTH CURRY STREET, Carson City, NV, 8970.

9.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11.     Defendant Merrick is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

12.     Merrick may be served with process upon its registered agent at c/o CT Corporation System, 1108 E South Union Ave, Midvale, UT 84047.

13.     According to its website, as of July 2023, Merrick had total assets of more than $6 billion.

14.     According to its website, as of July 2023, Merrick was a top 20 credit card issuer in the U.S. and has nearly 3 million cardholders.

**FACTUAL ALLEGATIONS**

15.    Plaintiff incorporates the above allegations as if set forth here.

16.    On or around April, 2022, plaintiff opened a credit account with Merrick, account number ending in …7789 ("Account").

17.    Plaintiff has a single account with Merrick.

18.    Plaintiff did not have two accounts with Merrick.

19.    On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included two Merrick tradelines.

20.    Both accounts had a $699 balance.

21.    Much of the information being reported for each Account is the same.

22.    The two accounts have the same:

   a.   Creditor

   b.   account number ending in …7789

   c.   Date opened (04/2022)

   d.   Responsibility as an Individual Account

   e.   Account Type as Revolving Account

   f.   Date Update or Balance Updated (Mar 2023)

   g.   Last Payment Made (Feb 2023)

   h.   Loan Type as Credit Card

   i.   Credit limit ($700),

   j.   Balance ($699).

23.    Both Accounts are also reporting identical delinquencies.

24.    The duplicate Account in Plaintiff's credit report is showing Plaintiff as 30-60 days or more late in each of the months of June, July, October, and November 2022.

25.     However, Plaintiff was not late on two Merrick accounts.

26.     The information furnished by Defendant Merrick and published by the Bureau is inaccurate.

27.     The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

28.     Plaintiff notified the Bureau that he disputed the accuracy of the information it was reporting on or around February 16, 2023 ("Dispute").

29.     Plaintiff stated in her Dispute that the two Merrick accounts are duplicates of each other and should be removed.

30.     The Bureau is required to notify Merrick of Plaintiff's dispute.

31.     It appears and is therefore averred that the Bureau notified Merrick of Plaintiff's dispute.

32.     Upon receipt of the dispute of the account by the Plaintiff from the Bureau, Merrick failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

33.     Had Merrick done a reasonable investigation it would have been revealed that the accounts are inaccurate.

34.     A reasonable investigation by Defendants would have revealed that the accounts are duplicates and are being incorrectly reported.

35.     This is particularly so because the information for the two accounts is so similar, including almost all of the relevant account data.

36.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Defendants did not evaluate or consider any of

- 4 -

the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially

reasonably verify that the derogatory information concerning the disputed account was

inaccurate.

37.    The information described above, furnished by the Furnisher and published by the

Bureau is inaccurate.

38.    The Bureau has been reporting this inaccurate information through the issuance of

false and inaccurate credit information and consumer reports that it has disseminated to various

persons and credit grantors, both known and unknown.

39.    Plaintiff's Experian and Trans Union credit reports do not suffer from the same

infirmities as Equifax.

40.    Experian and Trans Union are only reporting the Account once.

41.    This further demonstrates the Bureau's culpability.

42.    Defendants were in receipt of the evidence showing that the reported information was

inaccurate.

43.    Despite the Dispute(s) by the Plaintiff that the information on his consumer report

was inaccurate with respect to the disputed Accounts, each Defendants did not evaluate or

consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt

to substantially reasonably verify that the derogatory information concerning the disputed account

was inaccurate.

44.    The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable

investigation and failing to delete or correct the disputed trade line within 30 days of receiving

Plaintiff's dispute letter.

45.    The Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the

dispute(s) to each respective Furnisher or, in the alternative, if the Bureau did comply with

Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide

Plaintiff all relevant information received from each Furnisher.

46.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures

to assure maximum possible accuracy of the information on Plaintiff's credit report.

47.     Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

48.     Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate

such inaccurate information to other third parties, persons, entities and credit grantors.

Damages

49.     As a result of Defendants' failure to comply with the FCRA, Plaintiff has been

damaged.

50.     Defendants' erroneous reporting continues to affect Plaintiff's reputation,

creditworthiness, and credit score.

51.     Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent

on two accounts when he is not.

52.     It also falsely appears as if Plaintiff owes money on each Account.

53.     It also falsely appears as if Plaintiff is delinquent on each Account.

54.     This false information was published to numerous third-parties.

55.     This negative information reflected poorly upon Plaintiff and is incompatible with the

proper conduct of Plaintiff's financial affairs.

56.     Plaintiff has, inter alia, suffered a loss of credit, loss of ability to purchase and benefit

from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications

for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having

fraudulent information on his credit report, in his credit file, and for credit denial and its after-

effects.

57.     Due to Defendants' action, Plaintiff was denied a personal loan from Digital Federal Credit Union.

58.     Due to Defendants' actions, Plaintiff was denied a credit card from Capital One.

59.     Due to Defendants' actions, Plaintiff was denied a credit card from PenFed Credit Union.

**FIRST CAUSE OF ACTION**
**(Violations of the FCRA as to the Bureau)**

60.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

61.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

62.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

63.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

64.     Alternatively, upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

65.     The Bureau has willfully and recklessly failed to comply with the Act.

66.     In the alternative, the Bureau has negligently failed to comply with the Act.

67.     The failure of the Bureau to comply with the Act includes but is not necessarily

limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c.    The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    d.    The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    f.    The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g.    The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

68.    As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

69.    The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

- 8 -

70.     Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
### (Violations of the FCRA as to Furnisher)

71.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

72.     This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

73.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

74.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

75.     The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

77.     Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

78.     Furnisher continued to report these account(s) on the Plaintiff's credit report after being notified of the dispute regarding the inaccuracies in relation to said account(s).

79.     As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

80.     The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

81.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff, an individual, demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

82.     Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  May 1, 2022

*s/ Robert Tzall*
Robert M. Tzall, Esq.
Nevada State Bar No. 13412
Contemporary Legal Solutions
2551 North Green Valley Parkway
Building C, Suite 303
Henderson, NV 89014
(702) 666-0233
office@contemporarylegalsolutions.com

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
*Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff*

- 11 -